WATFORD, Circuit Judge, joined by KOZINSKI, Chief Judge, and THOMAS, SILVERMAN, GRABER, McKEOWN, and GOULD, Circuit Judges,
concurring:
While I join Judge Fletcher’s opinion, I write separately to provide a few additional thoughts as to why the state law failure-to-warn claim alleged in the proposed amended complaint is not preempted.
Given the Supreme Court’s preemption decisions in this area, the Stengels faced a dilemma in framing their failure-to-warn claim. The most direct way to state the claim would be to allege that under Arizona law Medtronic owed a post-sale duty to warn doctors when it learned of adverse events in which the medical device at issue here caused a death or serious injury. Regulations issued by the Food and Drug Administration (FDA) permitted Medtronic to issue such post-sale warnings, even without receiving prior approval from the FDA, but those regulations did not require such warnings. See 21 C.F.R. § 814.39(d). As a result, any attempt to predicate the Stengels’ claim on an alleged state law duty to warn doctors directly would have been expressly preempted under 21 U.S.C. § 360k, which forbids state-imposed requirements that are “different from, or in addition to” the requirements imposed by federal law. See McMullen v. Medtronic, Inc., 421 F.3d 482, 489 (7th Cir.2005) (“Where a federal requirement permits a course of conduct and the state makes it obligatory, the state’s requirement is in addition to the federal requirement and thus is preempted.”).
But the Stengels have not predicated their failure-to-warn claim on a duty to warn doctors directly. They have instead alleged that Medtronic breached its duty of reasonable care under Arizona negligence law by failing to report adverse events to the FDA. That requirement is not “different from, or in addition to” the requirements imposed by federal law, because FDA regulations required Medtronic to file an adverse event report with the FDA if it learned of information “reasonably suggest[ing]” that one of its devices “[m]ay have caused or contributed to a death or serious injury,” as the Stengels have alleged here. 21 C.F.R. § 803.50(a). Framed in this fashion, the Stengels’ negligence claim is not expressly preempted because it seeks to hold Medtronic accountable only for failing to do what federal law mandated—nothing more. The state law duty, as alleged by the Stengels, is precisely parallel to the duties imposed by federal law. See Medtronic, Inc. v. Lohr, 518 U.S. 470, 495, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996).
Because they predicate their claim on Medtronic’s reporting duty to the FDA, as they must to avoid express preemption, the Stengels face a causation hurdle that would not otherwise exist. To prevail, they will ultimately have to prove that if Medtronic had properly reported the adverse events to the FDA as required under federal law, that information would have reached Mr. Stengel’s doctors in time to prevent his injuries. See Hughes v. Boston Scientific Corp., 631 F.3d 762, 770 n. 5, 776 (5th Cir.2011). But at this juncture— *1235 a request for leave to amend their complaint—the Stengels’ allegations of causation are adequate.
Medtronic argues that the Stengels’ choice to predicate their claim on a reporting duty to the FDA renders the claim impliedly preempted under Buckman Co. v. Plaintiffs’ Legal Committee, 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001). In that case, the plaintiffs asserted a state law fraud claim based on purported misrepresentations made to the FDA during the premarket approval process for the medical device at issue. Id. at 343, 121 S.Ct. 1012. The Supreme Court held that this claim was impliedly preempted because it sought to enforce an exclusively federal requirement and was not grounded in traditional state tort law. Id. at 352-53, 121 S.Ct. 1012. Likewise here, Medtronic argues, the Stengels’ failure-to-warn claim seeks to enforce an exclusively federal requirement and is not based on traditional state tort law because Arizona law has never required adverse events to be reported to the FDA.
In my view, accepting that argument would require an unwarranted expansion of Buckman’s rationale. Central to the Court’s reasoning in Buckman was that the state law claim asserted there “exist[ed] solely by virtue” of the federal enactments, id. at 353, 121 S.Ct. 1012 (emphasis added), because state law traditionally had no role to play in policing “the relationship between a federal agency and the entity it regulates,” id. at 347, 121 S.Ct. 1012. But Buckman left intact claims “relying on traditional state tort law which had predated the federal enactments” in question. Id. at 353, 121 S.Ct. 1012.
In this case, Medtronic’s failure to report was more than a mere misrepresentation to the FDA because it simultaneously misled the device’s current and potential users, to whom Medtronic owed an independent duty under state law. There is no question that state law has an important and legitimate role to play in regulating the adequacy of post-sale warnings for products already on the market. That Arizona law did not previously address reporting duties to the FDA specifically is irrelevant; nothing in Buckman suggests that the preexisting state law needs to mirror the federal requirement at that level of specificity to avoid preemption. It is sufficient here that, in contrast to Buck-man, the Stengels’ claim is grounded in a traditional category of state law failure-to-warn claims that predated the federal enactments in question, and that the claim therefore does not exist solely by virtue of those enactments.